AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

FILED NOV 28 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

United States of America
v.
JAMES EASTERLING, JR.

Case No. 3:16 mj 185-LRA

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **November 22-23, 2016** in the county of **Lauderdale** in the **Southern** District of **Mississippi**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 115, Title 18, U.S.C. | James Easterling, Jr. threatened to assault a federal employee of the Social Security Administration with intent to intmidate that employee while she was engaged in her official duties and/or with intent to retaliate against that employee on account of her performing her official duties related to Easterling's attempt to receive federal benefits. |

This criminal complaint is based on these facts:
See affidavit of SA Shane Henley, SSA/OIG attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

*Complainant's signature*

SA Shane Henley, SSA/OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/28/16

*Judge's signature*

City and state: Jackson, Mississippi    Hon. Linda R. Anderson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF SPECIAL AGENT

I, Shane Henley, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Social Security Administration (SSA), Office of the Inspector General (OIG), and have been since July 2008. I have a Bachelor of Business Administration, with a focus in Accounting and Computer Information System. I also have a degree of Master of Professional Accountancy, with a focus in Accounting Information System Design and Assurance. In addition, I successfully completed the Introduction to Digital Evidence Analysis (IDEA) and Seized Computer Evidence Recovery Specialist (SCERS) training courses at the Federal Law Enforcement Training Center (FLETC).

2. During my employment with the SSA/OIG, I have conducted and participated in many investigations involving violations of United States laws relating to threats and theft of government funds.

3. This affidavit is submitted in support of an application for a complaint charging **JAMES EASTERLING JR** of Meridian, Mississippi with making threats towards an employee with the SSA on November 22, 2016 and November 23, 2016. More specifically, I submit this affidavit in support of an application for a complaint charging **JAMES EASTERLING JR** with intimidating or interfering with any person designated in Title 18, United State Code, Section 1114, while engaged in the performance of their official duties, in violation of Title 18, United States Code, Section 115(a)(1).

4. This affidavit is based upon my personal involvement in this investigation, my training and experience, and information provided to me by other law enforcement officials. It

does not include each and every fact known to me about the investigation, but rather only those facts that I believe are sufficient to establish requisite probable cause.

## FACTS AND CIRCUMSTANCES

5. On November 14, 2016, Francis Godfrey, **JAMES EASTERLING JR's** landlord, brought the claimant to the Social Security District Office (DO) in Meridian, MS to complete his required Continuing Disability Review (CDR). During his visit, **JAMES EASTERLING JR** refused to complete/sign any of the required documentation, stating it was his legal right not to fill out the forms.

6. On November 18, 2016, **JAMES EASTERLING JR** returned to the Meridian DO in order to complete his CDR. Kristy Mosley, Claims Representative (CR), with the Meridian DO processed his paperwork during this visit. During the encounter, CR Mosley explained to **JAMES EASTERLING JR** that he needed to sign a medical release form. CR Mosley advised that **JAMES EASTERLING JR** refused to sign the document; however, he did agree to place an "X" on the document in signature block. CR Mosley advised that after she witnessed the document by signing her name under the "X", **JAMES EASTERLING JR** requested her home telephone number, which CR Mosley refused to provide to him. Upon leaving, **JAMES EASTERLING JR** stated that he would still hope for CR Mosley.

7. On November 21, 2016, **JAMES EASTERLING JR** returned to the Meridian DO at two (2) different times. During each visit, **JAMES EASTERLING JR** unsuccessfully attempted to speak with CR Mosley. CR Mosley advised that during **JAMES EASTERLING JR's** second visit, he did not take a number from the Visitor Intake Process (VIP) and instead stood in sight of CR Mosley's window, staring at her, and motioning to speak with her. CR

Mosley advised that she shook her head no, and proceeded to close her window when the previous claimants left her station.

8. Continuing on November 21, 2016, the Meridian DO Assistant District Manager, Dessie Johnson, observed **JAMES EASTERLING JR** walking around in the employee's parking lot and stopping at CR Mosley's vehicle.

9. On November 22, 2016, around 10:45 A.M., **JAMES EASTERLING JR** contacted the Meridian DO via CR Mosley's direct phone extension. CR Mosley advised that **JAMES EASTERLING JR** identified himself to her and that she had previously assisted him on Friday, November 18, 2016. During the telephone conversation, CR Mosley stated that **JAMES EASTERLING JR** informed her, "You are in double jeopardy since you signed that form for me." CR Mosley stated that he also said things about the Lord being his King, and then stated, "Your parents are going to bury you." CR Mosley advised that she terminated the telephone call after hearing the comments.

10. On November 23, 2016, **JAMES EASTERLING JR** was seen hiding in the dumpster in the employee parking lot at the Meridian DO. CR Mosley advised that when she arrived to work on the morning in question, **JAMES EASTERLING JR** jumped out of the dumpster, and yelled, "Jeopardy, jeopardy, girl you are in jeopardy." CR Mosley advised that she was frightened and started screaming while trying to gain access to the building. CR Mosley advised that she could not input the proper code, so she had to begin banging on the back door until someone was able to let her inside the building. Following the incident, **JAMES EASTERLING JR** fled the scene on foot, through a wooded area behind the employee's workplace.

11.     Continuing on November 23, 2016, Inspector Carlos Walton with the Federal Protective Service (FPS), along with myself (SA Shane Henley) and the Meridian Police Department, interviewed **JAMES EASTERLING JR** at his place of residence, located at 4811 30th Street, Meridian, MS, regarding the allegation. After being advised of the identity of the interviewing agent and the nature of the interview, **JAMES EASTERLING JR** agreed to the voluntary interview, and provided the following information.

   a. **JAMES EASTERLING JR** advised that he did recall visiting the Meridian DO this morning (November 23, 2016), and stated he went today to "go after his money." **JAMES EASTERLING JR** stated, "She is scrutinizing my check." When asked who "She" is, **JAMES EASTERLING JR** stated that he cannot recall her name, but stated that she does drive a truck.

   b. **JAMES EASTERLING JR** advised that he did tell CR Mosley she was in "double jeopardy." When asked what he meant by she was in "double jeopardy," **JAMES EASTERLING JR** advised that he was not going to tell us.

   c. **JAMES EASTERLING JR** informed us that he also recalls telling CR Mosley that her parents are going to bury her, further stating that a "Chill Pill is going to bury her, and her parents are not going to know" what caused her death.

   d. **JAMES EASTERLING JR** advised that he was in the dumpster at the Meridian DO this morning, waiting for CR Mosley. When asked why, **JAMES EASTERLING JR** stated, "I was there to save her soul."

Wherefore, your Affiant respectfully submits that the defendant clearly made threatening comments about CR Mosley being buried, together with his aberrant behavior establish probable

cause to believe that **JAMES EASTERLING JR** knowingly threatened and intimidated persons designated in section 1114 of Title 18, while engaged in or on account of the performance of official duties, in violation of Title 18, United States Code § 115(a)(1). Your Affiant therefore requests that the Court issue a warrant for **JAMES EASTERLING JR**'s arrest.

SHANE HENLEY
Special Agent

Sworn and subscribed before me this 28 day of November 2016.

Linda R. Anderson
U.S. Magistrate Judge